IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA



| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : 1:23CR113-1 |
| SAK KEOSOUMA | : |

The Grand Jury charges:

COUNT ONE

On or about March 28, 2022, in the County of Montgomery, in the Middle District of North Carolina, SAK KEOSOUMA knowingly and intentionally did unlawfully possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, also known as methamphetamine hydrochloride, a Schedule II controlled substance within the meaning of Title 21, United States Code, Section 812; in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

COUNT TWO

On or about March 28, 2022, in the County of Montgomery, in the Middle District of North Carolina, SAK KEOSOUMA knowingly and intentionally did unlawfully possess with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-

piperidinyl] propanamide, commonly known as fentanyl, a Schedule II controlled substance within the meaning of Title 21, United States Code, Section 812; in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

COUNT THREE

On or about March 28, 2022, in the County of Montgomery, in the Middle District of North Carolina, SAK KEOSOUMA, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine hydrochloride, and possession with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, as more fully referenced in Counts One and Two of this Indictment, did knowingly possess firearms, that is an AR15-type, .300 AAC Blackout caliber firearm, equipped with a firearm silencer, within the meaning of Title 18, United States Code, Section 921(a)(24), and an AR15-type, 7.62x39mm caliber firearm that is a machinegun within the meaning of Title 18, United States Code, Section 921(a)(23) and Title 26, United States Code, Section 5845(b); in violation of Title 18, United States Code, Section 924(c)(1)(A) and (c)(1)(B)(ii).

2

## COUNT FOUR

On or about March 28, 2022, in the County of Montgomery, in the Middle District of North Carolina, SAK KEOSOUMA knowingly did possess in and affecting commerce firearms, that is, a Glock, 9mm handgun, and an Aero Precision, multi caliber rifle, having been convicted of a crime punishable by imprisonment for a term exceeding one year, and with knowledge of that conviction; in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT FIVE

On or about March 28, 2022, in the County of Montgomery, in the Middle District of North Carolina, SAK KEOSOUMA knowingly possessed firearms, within the meaning of Title 26, United States Code, Section 5845(a)(6) and (a)(7), to wit: 1) a firearm silencer as defined in Title 18, United States Code, Section 921(a)(24), and was therefore also a "firearm" as defined in Title 18, United States Code, Section 921(a)(3)(C) and Title 26, United States Code, Section 5845(a)(7); and 2) an AR15-type 7.62x39mm caliber firearm with a Wide Open Trigger installed, which functioned as a machinegun and met the definition of "machinegun" as defined in Title 18, United States Code, Section 921(a)(23), and Title 26, United States Code, Section 5845(b); which had not been registered to him in the National Firearms Registration and Transfer

Record as required by Title 26, United States Code, Section 5841; in violation of Title 26, United States Code, Sections 5861(d) and 5871.

## FORFEITURE ALLEGATION

1. The allegations contained in this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853, Title 26, United States Code, Section 5872, and Title 28, United States Code, Section 2461(c).

2. Upon conviction of one or more of the offenses alleged in Counts One and Two of this Indictment, the defendant, SAK KEOSOUMA, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a), all right, title and interest in and to any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

3. Upon conviction of one or more of the offenses alleged in Counts Three and Four of this Indictment, the defendant, SAK KEOSOUMA, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), all right, title and interest in and to any firearm or ammunition involved in or used in the commission of the offense.

4. Upon conviction of Count Five of the Indictment, the defendant, SAK KEOSOUMA, shall forfeit to the United States, pursuant to Title 26, United States Code, Section 5872, and Title 28, United States Code, Section 2461(c), all right, title, and interest in and to any firearm involved in the offense.

5. The property subject to forfeiture pursuant to paragraphs 2, 3, and 4 above may include, but shall not be limited to, the following:

    a. Polymer80, Inc. (P80 Tactical), Model PF940C, 9mm pistol, with no serial number;

    b. Polymer80, Inc. (P80 Tactical), Model PF940C, 9mm pistol, with no serial number;

    c. Polymer80, Inc. (P80 Tactical), Model PF940C, 9mm pistol, with no serial number;

    d. Polymer80, Inc. (P80 Tactical), Model PF940C, 9mm pistol, with no serial number;

    e. Polymer80, Inc. (P80 Tactical), Model PF9SS, 9mm pistol, with no serial number;

    f. Glock, Model 19, 9mm pistol, serial number PPW767;

    g. Polymer80, Inc. (P80 Tactical), Model PF940V2, 9mm pistol, with no serial number;

      h. Polymer80, Inc. (P80 Tactical), Model PF940C, 9mm pistol, with no serial number;

      i. Aero Precision, Model AP15, multi-caliber rifle, serial number US49690;

      j. Privately Manufactured Firearm (PMF), Manufacturer and Model unknown, .300 AAC Blackout caliber rifle with no serial number and an attached firearm silencer;

      k. Privately Manufactured Firearm (PMF), Manufacturer and Model unknown, 7.62x39-caliber upper and .223-caliber lower pistol with no serial number; and

      l. Five hundred sixty-six (566) rounds of assorted manufacture and caliber ammunition.

6. If any of the property described above as being subject to forfeiture as a result of any act or omission of the defendants cannot be located upon the exercise of due diligence, has been transferred or sold to or deposited with a third person, has been placed beyond the jurisdiction of the Court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

All in accordance with Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853, Rule 32.2, Federal Rules of Criminal Procedure, Title 26, United States Code, Section 5872, and Title 28, United States Code, Section 2461(c).

DATED: March 27, 2023

SANDRA J. HAIRSTON
United States Attorney

BY: CRAIG M. PRINCIPE
Assistant United States Attorney

A TRUE BILL:

███████████████

FOREPERSON